SMITH *et al. v.* CLEWS *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

1. SALE—ON APPROVAL—BONA FIDE PURCHASER.

   Diamonds were delivered by the owners to M., a dealer in diamonds, upon his giving a receipt therefor which stated that they were received "on approval" to show to his customers, and that they were to be returned to plaintiffs, on demand. M. sold the diamonds to defendants. In an action by plaintiffs to recover them from defendants, a usage of the trade was proved by which, on such a paper being given and accepted, the title to the goods continued in the owner until he sold them; and it appeared that there had been no other dealings between plaintiffs and M. *Held,* that a judgment on a verdict for plaintiffs should be sustained, even though defendants bought the diamonds innocently and in good faith. Following 21 N. E. Rep. 160, 114 N. Y. 190.

2. SAME—FACTORS AND BROKERS.

   The diamonds not having been intrusted to M. to sell or for advances to be made, the factor's act had no application to the transaction.

Appeal from circuit court, New York county.

Action by Alfred H. Smith and Harrison B. Smith against Henry Clews and Charles M. Foster. The complaint was dismissed at the trial as to the defendant Foster. Defendant Clews appeals from a judgment for plaintiffs entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, J. P., and BRADY and DANIELS, JJ.

*Abbott Brothers, (Albert A. Abbott,* of, counsel,) for appellant. *Charles H. Woodbury,* for respondents.

BRADY, J. This case has been pending a long time, and has been subjected to the vicissitudes of judicial investigation. It is here for the third time, after three trials. It is not deemed necessary to make allusion to what has been decided on the other appeals in this or the court of appeals, (33 Hun, 501, 11 N. E. Rep. 632; 47 Hun, 638, 21 N. E. Rep. 160,) except the last exposition by the latter court, and by which the case was made dependent, as the result shows, on an effort to be made to prove that the memorandum given by the plaintiffs to the broker Miers, by a general custom or usage of the trade, restricted the broker's power of sale, and preserved the title in the owner to the merchandise intrusted by him. It was as follows:

"NEW YORK, April 12, 1879.

"Received from Alfred H. Smith & Co., by their representative, B. W. Plumb, a pair of single-stone diamond ear-knobs, $10\frac{1}{8}$ carats, of the value of fourteen hundred dollars, ' on approval,' to show to my customers; said knobs to be returned to said A. H. Smith & Co. on demand.  E. MIERS."

The proof of the usage on the part of the plaintiffs, although contested by adverse proof, was abundant to establish it as asserted, namely, that, on such a paper being given and accepted, the title to the goods continued in the owner until he sold them. The question was submitted to the jury on the whole evidence, broadly and squarely, in terms to which no exception was taken, and the jury found in favor of the plaintiffs. They thus declared that the broker Miers had no authority to sell the merchandise, and therefore, under the last decision of the court of appeals, no title passed to the defendants. He could search for and find a purchaser, report him to his principal, and then obtain authority to deliver. He was not at liberty even to sell or arrange a sale except for cash, *eo nomine,* to be paid to his principals in order to pass the title. The rights of his principals were dominant all the time. There are many details herein which might be invoked, and criticisms indulged in, to enlarge the sphere of this opinion, but that would accomplish no good purpose, or add strength to the result arrived at, which is that the judgment must be affirmed. This conclusion, as already intimated, becomes imperative in virtue of the

views expressed in this action when last in the court of appeals. See, 114 N. Y. 190, 21 N. E. Rep. 160. Justice BROWN said in the course of the opinion, in which all of the judges concurred except the chief justice: "On the former appeal, this court construed the contract, in the light of the evidence then before it, to confer on Miers a power of sale, and, if the same evidence was now before us, we should feel constrained to follow that decision." And the learned justice, after referring to the fact that Miers was personally unknown to the plaintiff until introduced by the witness Plumb, a fact which again appears herein, said: "We have therefore no other dealings between the parties to aid us in interpreting the contract, and are confined to the single transaction out of which this action has grown. Upon the face of the contract, it does not import an authority to sell." But it was held, nevertheless, that it must be presumed that the parties intended some meaning by the use of the words "on approval," and, as the meaning did not appear from the context, parol evidence was admissible to enlighten the court, and to show the intent of the parties. The parol evidence has been admitted in reference to the words "on approval," and their meaning ascertained by the verdict of the jury, the result of which is that no title passed to Miers, and he had therefore none to convey. This proposition, even where the seller has possession of the article sold, and the buyer is acting innocently and in good faith, is discussed by Justice BROWN, and the defendants' title declared to be dependent wholly on Miers' authority to sell. It is only necessary in reference to the exceptions taken upon the trial to say that they chiefly relate to the reception of evidence as to what was understood on the trial by the words "on approval," the right to give which was expressly asserted by the commission of appeals. There is no vitality in the others. Indeed, they were all presented on the brief in such a manner as to be entitled to little, if any, consideration. They have nevertheless been examined, and discovered to be of no force. The trial was so admirably conducted that no errors marked its progress, and this controversy appears at length to have been so disposed of that it may rest without danger of further struggle by the contending parties. In conclusion, it is only incumbent on us to say that the factor's act (Laws 1830, c. 179) has no application to the transaction between Miers and plaintiffs. The merchandise, as the jury have found, was not intrusted to Miers to sell or for advances to be made. The judgment should be affirmed, with costs. All concur.